Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1939 | **DATE** | 10/22/2003 |
| **CASE TITLE** | Reiff vs. Much Shelist Freed | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 11/12/03 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss [13-1] and plaintiff's motion to compel compliance with discovery [18-1] are granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCT 2 3 2003

J. DONALD REIFF,

    Plaintiff,

v.

MUCH SHELIST FREED DENENBERG, AMENT &
RUBENSTEIN, P.C.; STUART WIDMAN; and
EDWARD SHAPIRO;

    Defendants.

No. 03 C 1939

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, J. Donald Reiff, filed suit against Defendants, alleging professional negligence (Count I), breach of contract (Count II), and breach of fiduciary duty (Count III). Presently pending before the Court is Defendants' Motion to Dismiss and Plaintiff's Motion to Compel Compliance with Discovery.

A reading of Plaintiff's Amended Complaint supports the following summary of the alleged operative conduct of the parties.

In September 1997, Reiff was served with a complaint brought in Cook County Circuit Court seeking vacatur of an arbitration award in his favor in the amount of $244,060 plus interest. Subsequently, Reiff retained Defendants to represent him in a legal matter pending in this matter. The Cook County Circuit Court vacated the arbitration award, and this judgment was subsequently affirmed by the Illinois Appellate Court. The Illinois Appellate Court found that Reiff failed to submit non-hearsay and otherwise proper and sufficient evidence to rebut a presumption, under the Illinois Arbitration Act, of undue influence of an arbitrator in the lower court.



## Defendants' Motion to Dismiss

Defendants argue that Plaintiff's Amended Complaint should be dismissed because the three claims are duplicative.

In Illinois, a plaintiff may maintain a complaint against a lawyer for malpractice in either tort or contract, and recovery may be sought in the alternative. *See Collins v. Reynard*, 154 Ill. 2d 48, 50 (1993); *Pavilion Hotel Corp. v. Koch*, 2000 WL 51817 (N.D. Ill. Jan. 14, 2000) (*Pavilion*). However, if a breach of fiduciary duty claim is based on the same operative facts as a legal malpractice claim, and results in the same injury, the latter claim should be dismissed as duplicative. *See Fabricare Equip. Credit Corp. v. Bell, Boyd & Lloyd*, 328 Ill. App. 3d 784, 791 (2002); *McDermott, Will & Emery v. Ogle*, 2001 WL 145696 (N.D. Ill. Nov. 15, 2001).

In the instant case, Plaintiff's Amended Complaint includes a claim for legal malpractice, Count I and, in the alternative, breach of contract, Count II. While the claims are derived from the same facts and have overlapping factual allegations, Count II clearly states that it is pled in the alternative. Count II also specifically pleads that it is based on the contract between Reiff and the Defendants and that the Defendants breached their contractual duties. Accordingly, Count II is not dismissed. *See Pavilion*, 2000 WL 51817 at * 2 (denying dismissal of plaintiff's contract and negligence claim).

As to Plaintiff's breach of fiduciary claim, Count III, with the exception of Defendant Stuart Widman, the same operative facts support Reiff's legal practice and breach of fiduciary claims. Accordingly, Count III is dismissed as to Defendants Much Shelist Freed Denenberg, Ament & Rubenstein, P.C. and Edward D. Shapiro. However, Count III contains a new allegation against Widman that is not duplicative of Count I. Accordingly, Count III is not

2

dismissed as to Widman.

Based on the above, Defendants' Motion to Dismiss is granted in part and denied in part. Count III is dismissed as to Defendants Much Shelist Freed Denenberg, Ament & Rubenstein, P.C. and Edward D. Shapiro.

### Plaintiff's Motion to Compel Compliance with Discovery

Reiff seeks to have Widman ordered to answer certain interrogatories and produce all documents responsive to Plaintiff's Request to Produce.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim.... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence...." Fed. R. Civ. P. 26(b)(1).

Widman objects to interrogatory No. 3, which seeks a list of "cases that he appeared as counsel for any party in any state or federal court proceeding relating to arbitrators." Widman objects on grounds of the interrogatory being overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Widman partially answers the interrogatory, indicating that he has appeared in state or federal court in no more than five cases relating to arbitrations. Based on the limited number of cases applicable to the interrogatory, Widman's objection is overruled.

Widman objects to interrogatory No. 6, which seeks a list of seminars, conferences, and other continuing education Widman has attended regarding arbitration. While Widman objects to the interrogatory, he did refer Reiff to documents in his response to the Request to Produce which identify courses Widman has attended regarding arbitration. Accordingly, interrogatory

No. 6's answer is sufficient, and his objection is denied as moot.

Widman objects to interrogatory No. 7, which seeks the case number, date, court, court location, and the respective parties for all actions against Widman in attorney malpractice. Widman responds that the interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Widman's objection is overruled.

Widman objects to interrogatory No. 8, which seeks the identity of all private arbitrations in which Widman appeared or acted as counsel, advocate, party, witness or arbitrator. Widman responds that the interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Widman's objection is overruled.

Widman objects to interrogatories Nos. 13 and 14, which ask for Widman to identify the specific acts that form the bases of Widman's contention, if any, that Reiff failed to mitigate damages or was contributorily negligent. Without waiving his objection, Widman identifies examples of Reiff's failure to mitigate damages and contributory negligence. Reiff argues that Widman's response is not complete because Widman stated that the interrogatories seek information that is likely to become known through discovery and expert witnesses. However, Widman is required to update his answers pursuant to Federal Rules of Civil Procedure 26(e) as such new information becomes known. Accordingly, Widman's responses are sufficient at this stage of the litigation, and the objection is sustained.

In response to Plaintiff's Request to Produce No. 3, which seeks all documents relating to the underlying litigation, Widman identified two documents in a privilege log that it has not produced. The documents listed are Widman's internal information sheet and an internal memorandum from Widman to the management committee regarding an unpaid bill. Widman

argues that these two documents are protected by the attorney work-product privilege. Widman's objection is overruled. The work-product privilege would not apply to documents that Reiff now seeks that were prepared by his attorney on his behalf in the previous case.

Widman objects to Request to Produce No. 4, which seeks calendars or schedules kept by Widman from 1997 through 1999. Widman argues that the requested documents are not relevant, not reasonably calculated to lead to admissible evidence, and overly burdensome. Widman's objection is overruled.

Widman objects to Request to Produce Nos. 5 and 6, which seek all arbitrator forms submitted by Widman to the National Futures Association, the National Association of Securities Dealers, and any other arbitration forums from 1990 through the present, and all applications to be an arbitrator Widman submitted to any arbitration form. Widman argues that these requests are overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Widman refers Reiff to documents submitted by the National Futures Association which contain the requested information as to that forum. Widman's objection is overruled.

Widman also objects to Request to Produce No. 7, which seeks Widman's resumes from 1996 through present. Not withstanding the objection, Widman provided Reiff with his current resume, a biography from Martindale-Hubbell and referred Reiff to resumes from 1986, 1992, and 1999. Widman's response is sufficient, and the objection is denied as moot.

Based on the above, Reiff's Motion to Compel Compliance with Discovery is granted in part and denied in part. Widman is ordered to answer the disputed interrogatories and produce the disputed documents consistent with the above findings within seven days of this order.

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied

5

in part. Count III is dismissed as to Defendants Much Shelist Freed Denenberg, Ament & Rubenstein, P.C. and Edward D. Shapiro. Plaintiff's Motion to Compel Compliance with Discovery is granted in part and denied in part.

Dated: October 22, 2003

JOHN W. DARRAH
United States District Judge